CITY OF NORTH OLMSTED, APPELLEE,
*v.* POLICE AND FIREMEN'S
DISABILITY AND PENSION FUND BOARD
OF TRUSTEES, APPELLEE; BEMENT
ET AL., APPELLANTS.

(No. 46133—Decided May 21, 1984.)

*Michael R. Gareau,* director of law, and *James M. Dubelko,* for appellee city of North Olmsted.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Toba Jeanne Feldman,* for appellee PFDPF Bd. of Trustees.

*Schwarzwald, Robiner, Wolf & Rock Co., L.P.A.,* and *Paul F. Levin,* for appellants Ray A. Bement et al.

*Per Curiam.* This appeal is brought by intervening defendants-appellants, Ray A. Bement et al., from a final order of the Court of Common Pleas of Cuyahoga County, Ohio, granting a declaratory judgment in favor of plaintiff-appellee, the city of North Olmsted, on its complaint against defendant-appellee, Police and Firemen's Disability and Pension Fund Board of Trustees. We affirm the trial court's decision.

I

There is no dispute as to the facts governing the issues raised in this case as the parties expressly stipulated to the facts upon which the trial court was to decide the case.

On January 6, 1953, the Council of the city of North Olmsted established, by Ordinance No. 1008, a firemen's relief and pension fund (hereinafter local pension fund) in accordance with R.C. Chapter 741. No firemen's relief and pension fund had existed prior to the enactment of Ordinance No. 1008, notwithstanding the fact that the statute authorizing such funds, G.C. 4600, was amended in 1947. The enabling clause of Section 3 of Ordinance No. 1008 provided as follows:

"The Trustees of the Firemen's Relief and Pension Fund shall adopt such rules and regulations for the management of said fund and for the disbursement of benefits and pensions as they deem necessary to comply with the requirements of law."

The monies for the local pension fund were derived from a tax levy upon

real and personal property and from a four percent employee contribution.

On November 13, 1956, the board of the local pension fund adopted Resolution No. 1, which provided as follows:

"That the basis upon which retirement credit be allowed to volunteer and/or part-time firemen in the service of the fire department of the City of North Olmsted be one (1) week's service for every eighteen (18) hours of actual work."

The title of Resolution No. 1 states that it is a resolution determining and establishing the basis upon which time spent by a volunteer and/or part-time fireman shall be computed for retirement credit. Thereafter, on April 2, 1957, the board of the local pension fund calculated and established the amount of contributions for volunteer and/or part-time service which affected firemen would have to pay in order to receive retroactive credit for such volunteer and/or part-time service.

Resolution No. 1 was never adopted by the Council for the city of North Olmsted by ordinance resolution, or in any other manner.

Intervening-defendants, appellants herein, were volunteer or part-time firemen for the city of North Olmsted or were in the military service prior to the enactment of Ordinance No. 1008 and the adoption of Resolution No. 1. Appellants with part-time or volunteer service with the city of North Olmsted fire department purchased retroactive credit in accordance with the terms adopted by the board of the local pension fund in April 1957.

Thereafter, the legislature enacted R.C. Chapter 742 which abolished all such local pension funds in favor of one statewide fund, which was denominated the Police and Firemen's Disability and Pension Fund (hereinafter "PFDPF"). In January 1967, monies from the local pension fund were transferred to PFDPF in accordance with the provisions of R.C. Chapter 742. On July 14, 1967, the board of trustees of PFDPF notified the city of North Olmsted that the city had no accrued liability from said transfer of funds. This calculation was the result of the decision by the PFDPF board of trustees not to give credit for volunteer, part-time or military service prior to employees becoming full-time members of the fire department. In May 1968, an employee of the PFDPF board of trustees notified appellants that they would be given credit for such volunteer, part-time or military service. Then, in January 1978, the PFDPF board of trustees determined that appellants would not be granted credit for volunteer, part-time, or military service rendered prior to the time that appellants became members of the local pension fund. Finally, in October 1978, the PFDPF board changed its position again and decided that appellants were entitled to credit for their volunteer, part-time or military service. This determination resulted in a finding that the city of North Olmsted owed an additional $383,372.01 to the PFDPF. The PFDPF's attempts to collect these monies from the city of North Olmsted resulted in the city's filing of a declaratory judgment action against the PFDPF. Appellants, present or former members of the city of North Olmsted's fire department, were given leave to intervene as defendants in the trial court.

II

The assignments of error urged by appellants are as follows:

"1. The trial court erred in finding that the local pension board had no authority to establish rules governing eligibility of part-time service credit earned by appellants.

"2. The trial court erred in finding that appellants are not members of the fund for purposes of determining service credit for part-time service.

"3. The trial court erred in finding

that Police and Firemen's Disability and Pension Fund is not required to recognize part-time service credit earned by appellants.

"4. The trial court erred in not finding that appellants are entitled credit for military service time."

The issues urged by the appellants are as follows:

"1. Whether Resolution No. 1 adopted by the Board of Trustees of the Firemen's Relief and Pension Fund of the city of North Olmsted on November 13, 1956, was adopted pursuant to law and is enforceable.

"2. Whether appellants were 'members of the fund,' as defined by R.C. Chapter 742 and local law, and are therefore entitled to credit for pension purposes for part-time service to the city.

"3. Whether the PFDPF is required to recognize part-time service credit earned by appellants and granted by the local fund.

"4. Whether appellants are entitled to pension service credit for time spent in the military."

The court will treat the four assignments of error together for purposes of this opinion.

The trial court in its opinion stated:

"The Plaintiff, City of North Olmsted, seeks a declaration by this Court as to whether a 1956 rule proposed by the North Olmsted firemen's pension fund Board of Trustees, and known as Resolution No. 1, is capable of granting pension credit to the individual defendants for service as part-time or volunteer firemen. This Court finds that it is not."

We agree with the findings and judgment of the trial court.

R.C. 741.18 provides, in its first paragraph, for the rule-making authority of the board of trustees of a firemen's relief and pension fund:

"The board of trustees of the firemen's relief and pension fund shall adopt rules for the management of such fund and for the disbursement of benefits and pensions as set forth in this section."

A cardinal principle of administrative law is that boards, commissions, and officers to whom authority has been delegated pursuant to statute must administer and not legislate. Resolution No. 1 adopted by the board of trustees of the local pension fund is a resolution by which the board attempted to legislate pension credit for part-time and volunteer service. This credit was not granted by either ordinance or statute. An accepted tenet of statutory interpretation is that a legislature would have included a provision in a law had it intended to do so. Had the state legislature intended to grant volunteer and part-time credit, it would have so specified in the pension fund law. Any local rule providing for such a grant is clearly outside the scope of the rulemaking authority of the local pension fund board of trustees. *State, ex rel. George,* v. *Bd. of Trustees of the PFDPF* (March 31, 1980), Portage App. No. 931, unreported.

This court has held that R.C. Chapter 742 governs the Police and Firemen's Disability and Pension Fund and that, with regard to policemen, R.C. 742.01 provides that one must be a full-time employee in order to be entitled to receive benefits from the fund. We have cited *State, ex rel. Hall,* v. *Bd. of Trustees of Police Relief & Pension Fund of Lakewood* (1948), 149 Ohio St. 367 [37 O.O. 48], which held that the trustees of a fund are authorized to pay from the fund only in accordance with the rules adopted by such trustees *pursuant to law.* Therefore, part-time police service does not qualify for pension benefits. *Northern Ohio Patrolmen's Benevolent Association* v. *PFDPF Bd.* (June 3, 1982), Cuyahoga App. No. 43924, unreported.

No rights of the appellants were

preserved by later legislation as the city of North Olmsted did not, prior to 1939, declare the necessity of providing relief and pensions for its volunteer and part-time firemen, nor has it done so to this date. The adoption of Resolution No. 1 by the board of the local pension fund is not binding on the city of North Olmsted or on the PFDPF board. *State, ex rel. Frye,* v. *Bachrach* (1964), 175 Ohio St. 419 [25 O.O.2d 438]. It is interesting to note that some of the appellants were teenagers at the time they were employed as junior volunteer or part-time firemen and received service credit for this employment. Such action by the board of the local pension fund is gratuitous and cannot be held to be binding upon the municipality.

Later ordinances enacted by the city of North Olmsted do not ratify the local pension fund board's enactment of Resolution No. 1. Only specific legislation approving said resolution would amount to a ratification. 21 Ohio Jurisprudence 3d (1980), Counties, Townships, and Municipal Corporations, Section 817.

With the enactment of R.C. Chapter 742, the firemen's pension fund became a public and statewide concern. A public fund can only be disbursed under clear authority of the law. *State, ex rel. Bott,* v. *Petro* (C.P. 1959), 81 Ohio Law Abs. 198 [13 O.O.2d 360]; *State, ex rel. Evans,* v. *Moore* (1982), 69 Ohio St. 2d 88 [23 O.O.3d 145]. The Supreme Court of Ohio has held: "It is a fundamental principle of Ohio law that, pursuant to the 'statewide concern' doctrine, a municipality may not, in the regulation of local matters, infringe on matters of general and statewide concern." *Id.* at 89-90.

The letter of Miss Stump, an employee of the PFDPF board, indicating that credit would be given for part-time or volunteer service rendered prior to full-time employment does not bind the PFDPF board of trustees. *State, ex rel.*

*Gemind,* v. *Bd. of Trustees of the PFDPF* (Dec. 29, 1977), Summit App. No. 8644, unreported.

The appellants were not members of any fund at the time they rendered the part-time or volunteer service for which the board of the local pension fund later voted to retroactively grant them pension credit in April 1957. The board was without authority to grant said credit.

The appellants may not receive pension credit for their military service rendered prior to the time they became members of the local pension fund. They were not members of the local fund prior to or immediately after discharge from the armed services.

In *State, ex rel. Frye, supra,* the Supreme Court held that a municipal fireman, who was a member of a firemen's relief and pension fund prior to the time he entered the military service, could not be credited with that service for pension purposes, unless he fulfilled all of the statutory conditions set forth in R.C. 741.17. In so holding, the Supreme Court of Ohio observed at 423:

"The right to a pension arises only by a fulfilling of the statutory conditions relating thereto. It is fundamental that where rights are created by statutes such rights can vest only when all the statutory conditions have been met. It is then, and only then, that a vested right accrues. Appellee at the time he entered the military service had not complied with such conditions."

### III

In conclusion, the court finds that the appellants are not entitled to the pension credit granted by the board of the local pension fund pursuant to Resolution No. 1 and the meeting of April 2, 1957 as both the resolution and the action at the meeting were outside the scope of the local board's lawful authority as an administrative agency and constituted a legislative grant of

pension benefits contrary to state law and local ordinance. The court further finds that the appellants are not entitled to pension credit for military service as the appellants do not meet all of the requirements of R.C. 741.17, which provides for the granting of pension credit for military service. Finally, the court finds that the PFDPF board of trustees is not required to recognize any grant of pension credit for part-time, volunteer, or military service by a local pension fund prior to the state take-over in 1967 unless said grant was strictly in compliance with all applicable statutes and ordinances.

All assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

HARRIS, P.J., CIRIGLIANO and STAPLETON, JJ., concur.

FLOYD D. HARRIS and JOSEPH E. CIRIGLIANO, JJ., of the Lorain County Court of Common Pleas, and WILLIAM B. STAPLETON, J., of the Brown County Court of Common Pleas, sitting by assignment in the Eighth Appellate District.